IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-133-FL

| | |
|---|---|
| BELINDA MCCALL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 15, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 23), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts the M&R, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

On December 2, 2019, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning June 30, 2019. The applications were denied initially and upon reconsideration. A hearing was held on November 12, 2020, by telephone before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision

dated December 8, 2020. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on March 19, 2021, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

---

[1]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of June 30, 2019, through her date last insured of June 30, 2020. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease,

degenerative joint disease, osteoarthritis, and dysfunction of major joints. However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work, described as follows

> [S]he can occasionally lift, carry, push, and pull up to 20 pounds, frequently lift, carry, push and pull up to 10 pounds as well as sit, stand, and walk about six hours in an eight-hour workday. She can frequently climb ramps/stairs; balance; stoop; kneel; crouch; and crawl, but never climb ladders, ropes, or scaffolds. The claimant can frequently reach overhead with her right upper extremity.

(Tr. 27).

At step four, the ALJ concluded plaintiff was capable of performing past relevant work as a security guard, and that this work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act, from June 30, 2019, through June 30, 2020.

B.    Analysis

In her objections, plaintiff argues that the ALJ erred in failing: 1) to properly evaluate plaintiff's residual functional capacity, and 2) in finding plaintiff's statements were not consistent with the medical evidence. Plaintiff, however, identifies no particular error in the analysis of the M&R. Instead, plaintiff restates similar arguments advanced in her motion for judgment on the pleadings. (See Pl.'s Obj. (DE 24) at 5-9; Pl.'s Mem. (DE 19) at 7-12). Upon careful review of the record, the court finds that the magistrate judge already has addressed cogently plaintiff's arguments, and plaintiff raises no issues with the analysis in the M&R for the court to review. See Orpiano, 687 F.2d at 47. Having reviewed the entire record de novo, the court agrees with the

findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

To augment the analysis in the M&R, the court writes separately to address plaintiff's argument that plaintiff is not able to perform her past work as a security guard, where "[t]he job requires patrolling and potentially confronting trespassers or unauthorized personnel on employer premises." (Pl's Obj. (DE 24) at 7). The ALJ explained, however, that "[i]n comparing [plaintiff's RFC] with the physical and mental demands of this work, the undersigned finds that [plaintiff] was able to perform it as actually and generally performed." (Tr. 19). This determination was supported by substantial evidence in the record, as noted by the ALJ, where "[t]he vocational expert testified that the claimant's past work required light exertional activity, which is well within" plaintiff's RFC. (Id.; see Tr. 47-48 (vocational expert testifying "[t]he security guard position could be performed")); see 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."). Although plaintiff suggests that a security guard job has different requirements, plaintiff has not identified conflicting evidence in the record. (See, e.g., Tr. 33 (plaintiff testifying "I used to work as a security guard for a telephone company"); 36-37 (ALJ confirming that vocational expert has "enough information" on plaintiff's past jobs)).

The ALJ thus sufficiently explained the basis for his determination that plaintiff could perform past relevant work in light of her RFC, and that determination was supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 23). Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 21) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge